UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TRAVIS WALKER & MARY ROGENIA WALKER** | * | **CIVIL ACTION NO.  18-0656** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS, JR.** |
| **BAYER CROPSCIENCE, LP** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand, and associated request for costs and expenses [doc. # 7] filed by plaintiffs Travis Walker and Mary Rogenia Walker.  The motion is opposed.  For reasons assigned below, it is recommended that the motion to remand, and request for costs and expenses, be DENIED.

## Background

On or about April 18, 2018, Travis Walker and Mary Rogenia Walker filed the instant petition for damages against Bayer CropScience LP ("Bayer") in the 6th Judicial District Court for the Parish of Madison, State of Louisiana.  (Petition).  Plaintiffs allege that in 2017, they purchased "Credenz" soybean seeds from Bayer to plant in their field.  After planting multiple acres, plaintiffs realized that there was non-soybean material left in the bottom of their planter.  Upon further examination, plaintiffs determined that the non-soybean material contained various harmful weeds, including, but not limited to *Palmer amaranth*, which is a weed that is extremely difficult to eradicate, and that causes devastating effects to a field.  Plaintiffs assert that they suffered damages to their field through the introduction of the harmful weeds, expenses associated with eradication of the weeds, other general damages, mental anguish, attorney's fees, expert fees, and costs.

On May 17, 2018, Bayer removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal). In its notice of removal, Bayer alleged that plaintiffs were Louisiana citizens. *Id*. It further alleged that Bayer was a Delaware corporation, with its principal place of business elsewhere, and a "nerve center" in North Carolina. *Id*. Based upon the multiple acres of soybean fields that were affected and the damages claimed, Bayer asserted that the amount in controversy exceeded $75,000. *Id*.

On May 31, 2018, plaintiffs filed the instant motion to remand on the basis that Bayer failed to establish diversity of citizenship, and therefore, the court lacked subject matter jurisdiction. Specifically, plaintiffs argued that, despite Bayer's representation in its notice of removal that it was a corporation, it is a limited partnership and Bayer failed to identify all of the partners and their citizenship.

In response to plaintiffs' motion, Bayer twice amended its notice of removal. [doc. #s 12 & 17].[1] In the latest iteration of its removal device, Bayer agreed that it was a limited partnership comprised of six members, which it identified, together with each member's citizenship. (2nd Suppl. & Amend. Notice of Removal). In light of the amended notices of removal, Bayer urged the court to find that diversity of citizenship is properly alleged, and therefore, deny the motion to remand. (Opp. & Suppl. Opp. Memos. [doc. #s 10 & 19]).

In between Bayer's amended notices of removal, plaintiffs filed a reply brief whereby

---

[1] Pursuant to 28 U.S.C. § 1653, removing defendants may amend their notice of removal to set forth facts to establish diversity jurisdiction. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir.1988) (authorizing district court to permit removing defendants to amend their notice of removal ); *Mullins v. Testamerica Inc.*, 300 Fed. Appx. 259, 261 (5th Cir.2008) (Fifth Circuit remanded a removed case to district court for amendment of deficient jurisdictional/citizenship allegations). Indeed, 28 U.S.C. § 1653 is to be liberally construed, and failure to specifically allege citizenship may be cured in the appellate courts. *Getty Oil Corp., supra*.

they highlighted that one of Bayer's members is a Dutch private limited liability company, but that Bayer failed to provide any factual information regarding the entity's corporate structure, and thus, failed to properly allege diversity of citizenship. (Pl. Reply [doc. # 13]). The matter is now before the court.

### Discussion

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

As recited earlier, Bayer invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). It is manifest that plaintiffs' claims exceed the jurisdictional minimum. *See* Notice of Removal.[2] Thus, the sole jurisdictional issue is whether the parties are completely diverse.

---

[2] When, as here, the state court petition seeks a money judgment, but state law does not permit a demand for a specific sum, then the removing defendant(s) may assert the amount in controversy in its notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); 28 U.S.C. § 1446(c)(2)(A). Neither plaintiffs, nor the court, question the amount in controversy.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). For purposes of diversity, the citizenship of a limited partnership is determined by each of its partners. *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 856 (5th Cir. 2003) (citation omitted).

It remains uncontroverted that plaintiffs are Louisiana citizens. (Notice of Removal). Furthermore, the members/partners of the lone defendant (Bayer) are:

    a.    Bayer CropScience Holding Inc. (general partner), a Delaware corporation with its principal place of business in North Carolina;

    b.    Bayer CropScience Inc. (limited partner), a New York Corporation with its principal place of business in North Carolina;

    c.    Bayer CropScience LLC (limited partner), a Delaware limited liability company whose sole member is Bayer Corporation, an Indiana Corporation with its principal place of business in New Jersey;

    d.    Hornbeck Seed Company, Inc. (limited partner), an Arkansas corporation with its principal place of business in North Carolina;

    e.    AgraQuest, Inc. (limited partner), a Delaware Corporation with its principal place of business in North Carolina; and

    f.    Bayer Seeds BV, a Dutch private limited liability company, with its principal place of business in the Netherlands.

(2nd Suppl. & Amend. Notice of Removal, ¶ 6). Citizenship of a Netherlands BV is straightforward; it is treated as a corporation for purposes of § 1332. *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir.2014) (citations omitted). Accordingly, Bayer Seeds BV is considered a citizen of the Netherlands for purposes of diversity.

Citing *Principle Sols. LLC v. Feed.ing BV*, plaintiffs argue that Bayer failed to provide factual information to establish the nature of a Dutch BV (a/k/a "Besloten Vennootschap").

*Principle Sols. LLC v. Feed.ing BV*, No. 13-223, 2013 WL 2458630, at *1 (E.D. Wis. June 5, 2013). However, in *BouMatic, supra*, the seventh circuit determined that a Netherlands BV is to be treated as a corporation. *See BouMatic, supra*. Moreover, even if a Netherlands BV should be treated as an LLC, a partnership, or some other unincorporated association,[3] Bayer also identified all of the members of Bayer Seeds BV and their citizenship all the way down to German corporations, whose principal places of business are in Germany. *See* 2nd Suppl. & Amend. Notice of Removal, pg. 2 n2.[4]

In sum, the court finds that Bayer has established that the parties are completely diverse, and that the amount in controversy exceeds $75,000. Accordingly, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.

### Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 7], together with their associated request for costs and expenses, be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

---

[3] In fact, in *Principle Sols, supra*, the plaintiff ultimately amended the complaint to trace the members of the Dutch BV and their citizenship all the way until it reached individuals. *See Principle Sols, supra* [doc. # 24]. The court ultimately exercised subject matter jurisdiction.

[4] For purposes of diversity, the citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of June 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE